CHARLES SAYRE and MINNIE FELDMESSER, complainants-respondents,

v.

SAMUEL LEMBERGER et al., defendants-appellants.

[Submitted at March term, 1921. Decided June 20th, 1921.]

1. In the absence of fraud or mistake a resulting trust cannot arise in favor of one who in purchasing land voluntarily directs and causes the deed therefor to be made and given to and in the name of a third party, absolutely.

2. Where such a deed is made and given, one who subsequently enters into a written agreement with the party making such deed to buy the said land from him cannot acquire any greater right to question the efficacy of the deed, than the person with whom he made his contract had.

3. Where a conveyance is taken in the name of a third party for the purpose of protecting the property from creditors of him who furnished the money, the conveyance is unassailable inter partes.

On appeal from a decree advised by Vice-Chancellor Foster, whose opinion is reported in 92 N. J. Eq. 373.

Mr. Joseph Siegler and Mr. Philip J. Schotland, for the appellants.

Mr. Frank E. Bradner, for the respondents.

The opinion of the court was delivered by

KALISCH, J.

This appeal is from a decree of the court below adjudging that Ida Klein, a sister-in-law of the defendant Samuel Lemberger, holds in trust for the latter certain premises on Hillside avenue, in Newark, and decreeing specific performance of a contract in writing by the terms of which the defendants Lember-

ger and wife agreed to sell to complainants the premises above mentioned for the sum of $15,000.

The contract referred to was signed by the defendant Lemberger and his wife as prospective vendors, and by Charles Sayre and Minnie Feldmesser as prospective vendees.

The theory of a resulting trust to Lemberger was evolved by the learned vice-chancellor from assuming that at the time of the conveyance of the premises in question to Ida Klein by Edwin A. Kirch, Lemberger paid the whole of the consideration therefor. We search in vain through the record to find any testimony justifying such a theory.

The evidence discloses that Ida Klein, prior to the transaction, which is made the basis of the present suit, was the owner of property on Amherst street, in the city of East Orange, which property had been conveyed to her by Lemberger, in April, 1914, subject to the payment of three mortgages, aggregating $4,800, and for $800 in cash in addition thereto.

In 1916 Miss Klein conveyed the Amherst street property to Kirch as part consideration of the Hillside avenue property conveyed to her by Kirch. The price for the Hillside avenue property was $12,000 and was paid as follows: The Amherst street property was put in at the value of $5,700, and at the time it was conveyed to Kirch the property was subject to a mortgage of $3,800 held by a building loan association, which mortgage had been reduced by payments thereon to $3,400, leaving an equity in the property of $2,300; the sum of $700 was paid in cash, and the Dime Savings Bank loaned upon the property conveyed by Kirch to Miss Klein upon her bond and mortgage $7,000, which sum was turned over to Kirch, and for the balance of $2,000 required to make up the $12,000, the price at which the property was purchased by Miss Klein, she gave a second mortgage on the property, together with her bond, to Kirch.

But even if it be assumed that the vice-chancellor was right in holding that Lemberger was the true owner of the equity in the Amherst street property, which equity was valued at $2,300, and that the sum of $700 which was paid to Kirch was Lemberger's money and not Miss Klein's, all that that could establish would be that Lemberger contributed $3,000 to the pur-

42

chase of the Kirch property. The undisputed fact, however, remains that the balance of the consideration, $9,000, came from Miss Klein, who not only gave the mortgages on the property, but obligated herself by her personal bonds for the payment of the last-mentioned sum; and, therefore, to that extent, at least, she had an interest in the property conveyed to her by Kirch. Now, in this posture of affairs, even though it be conceded that a resulting trust, under certain circumstances not present here, might have arisen from the transaction in favor of Lemberger, it is quite obvious that such a trust could be for no greater interest in the property than the $3,000 purchased, and, hence, would not justify a decree covering the entire property, as was erroneously made by the vice-chancellor.

A careful consideration of the testimony, and of the well-defined legal principles applicable to the proof in the cause, makes it manifest that no resulting trust was established in favor of Lemberger. For it is not pretended that the deed made by Lemberger conveying the Amherst street property to Miss Klein was either the result of a mistake on his part or of fraud practiced upon him, but, on the contrary, it appears that the deed of conveyance made by him was a voluntary act. By that act Miss Klein, as against her grantor, became the owner in law and in equity of the Amherst street property. If Lemberger had filed a bill against his grantee to have a resulting trust declared in his favor, he could not, under the adjudged cases, have succeeded in his suit. How, then, can the complainants who stand in privity with Lemberger, by contract, possess any greater right than he, himself, has?

In *Baldwin* v. *Campfield*, *8 N. J. Eq.* (at p. 903), Mr. Justice Elmer, in speaking for this court, said: "The trust which results from the mere fact that one person pays the purchase-money of land conveyed by the seller to another is considered as coming within the exception in the statute of trusts which arise or result by implication or construction of law. But no trust arises upon a man's own deed, no matter whether there was in fact any consideration paid or not, as between the parties, a voluntary deed is just as binding as any other."

In *Down* v. *Down*, *80 N. J. Eq.* *74, 75,* Vice-Chancellor Leaming has collated the cases decided in this state dealing with the subject of resulting trusts, and a consultation of the cases referred to establishes that the doctrine enunciated in *Baldwin* v. *Campfield, supra,* is firmly rooted in our jurisprudence.

In the light of these cases the legal situation was, at the time of the conveyance of the Kirch property to Miss Klein, that she was the absolute owner of the Amherst street property, her equity therein being valued and taken at $2,300, and it was with this property and the proceeds of a $7,000 bond and mortgage which she executed and gave to the Dime Savings Institution, and a bond and mortgage for $2,000 which she made and gave to Kirch that she paid for the property in litigation, and received a deed therefor. We do not think that the payment of $700, which was necessary to make up the $12,000, the price at which the Kirch property was sold, even if the money was Lemberger's, is of any vital importance. If it was his money, as the court below thought it was, but which we do not decide, the payment by him, as disclosed by the testimony, was not of itself under the circumstances then existing sufficient to create a resulting trust in his favor, in the absence of any proof or circumstance indicating that there was an agreement or understanding to the effect that he was to have an interest in the property, and because what occurred was subject to a reasonable inference that the money was advanced to his sister-in-law as a gift or loan.

But there is another aspect of this case which should have defeated the complainants' suit for relief.

It appeared that at the time the conveyance was made, and the title put in the name of Ida Klein, there were several judgments outstanding against Lemberger, and if in that situation he had the title put in Ida Klein's name, it was in fraud of creditors.

In *Cutler* v. *Tuttle, 19 N. J. Eq.,* Mr. Justice Depue, in speaking for this court (at *p. 562*), said: "No principle of law is better settled in this state than that a conveyance, designed in fraud of creditors, is good *inter partes.* In this court, in *Baldwin* v. *Campfield, 4 Halst. Ch. 891,* it was held that the im-

plication of law, that the grantee takes a conveyance in trust for a person who furnishes the purchase-money, may be rebutted by proof that the title was put in the grantee for the purpose of protecting the property from creditors of him who furnished the purchase-money."

For the reasons stated the decree must be reversed, with costs, and remitted to the court of chancery with direction that the bill be dismissed, with costs.

*For affirmance*—BERGEN—1.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—12.