Munn & Company, respondent,

*v.*

The Americana Company et al., appellants.

[Argued March 16th, 1914. Decided June 15th, 1914.]

1. The basis of suits to enjoin the use of the complainant's name is the damage or possibility of damage to the complainant, not the damage or probability of damage to the public; fraudulent conduct on the part of the defendant is a necessary element, but fraudulent conduct without damage to the complainant does not suffice.

2. Since it is the complainant who is to be protected in suits to enjoin the use of his name, he must come into the court with clean hands.

3. Where the complainant and defendant agreed that an encyclopedia should be represented to the public as the work of the complainant in order to avail themselves of its reputation to attract subscribers for the book, the complainant cannot be heard to complain of conduct in which it 'joined and by which it profited.

4. Where complainant and defendant agreed that an encyclopedia should be represented to the public as the work of the complainant in order to avail themselves of its reputation to attract subscribers for the book, and subsequently the complainant terminated the agreement and sought to enjoin the use of its name, the court denied relief because the complainant did not come into court with clean hands although the point was not raised by the defendants in their answer.

5. Where a complainant's conduct has been such that he does not come into court with clean hands, the disqualification applies only to the particular matter or transaction with which the wrongful conduct has to do, and he may have relief in other respects.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Emery, whose opinion is reported in *82 N. J. Eq. 63, 443.*

Mr. J. Franklin Fort and Mr. Franklin W. Fort, for the complainant (*Arthur H. Masten* and *Sinclair Hamilton,* of New York on the brief).

Mr. Robert H. McCarter and Mr. Conover English, for the defendants.

The opinion of the court was delivered by

SWAYZE, J.

The basis of suits of this character is the damage or possibility of damage to the complainant, not the damage or probability of damage to the public. The question sometimes discussed is whether relief may be rested on a personal basis alone or whether damage to property rights is necessary—a question left undecided in this court in *Vanderbilt* v. *Mitchell, 72 N. J. Eq. 910, 926.* In an early English case the court refused an injunction to restrain the sale of a quack medicine under the name of the complainant, an eminent physician. *Clark* v. *Freeman, 11 Beav. 112.* And although the case is not of great authority, the

criticism upon it was not due to the fact that the court refused at the suit of an individual to restrain a fraud upon the public but to the fact that it overlooked the property right of a man in his own name. *Maxwell* v. *Hogg, L. R. 2 Ch. 307.* The court of chancery has held that there is such a right. *Edison* v. *Edison Polyform & Mfg. Co., 73 N. J. Eq. 136.* Although damage is the basis of the suit the mere fact of damage or possibility of damage is not enough, since damage may result from lawful acts, such as legitimate competition. Fraudulent conduct on the part of the defendant is a necessary element. *International Silver Co.* v. *Rogers, 71 N. J. Eq. 560, 563.* But fraudulent conduct without damage to the complainant does not suffice. The case upon which the complainant relied was expressly put upon the ground of the liability of the complainant to loss. *Walter* v. *Ashton (1902), 2 Ch. 282.*

The very discussion suffices to show that although fraudulent conduct which may deceive the public is a necessary element, it is the private loss of the complainant that is to be prevented, not the public injury arising to others from the fraudulent use of the complainant's name. This is in consonance with general principles. It is unnecessary to dwell upon the point. Its importance in the present case is due to its bearing upon the standing of the complainant to maintain its bill. If it were the public that is to be protected, the conduct of the complainant ought not to prevent relief. Since it is the complainant that is to be protected, the well established maxim of equity is applicable; the complainant must come into court with clean hands.

The facts found by the learned vice-chancellor establish an agreement on the part of the complainant and The Americana Company to make money out of the public by representing the encyclopedia as the work of the Scientific American and thereby availing themselves of the reputation of that journal to attract subscribers for the book. The adoption of the name Scientific American Compiling Department cannot be otherwise explained. The word "Department" in that expression can hardly convey to the ordinary mind any other meaning than Department of the Scientific American; and the language of the letter addressed by Munn & Company to the American people under date of May,

1906, is carefully chosen to convey the same impression without saying so in express words. The encyclopedia is therein said to be issued under the direct editorship and personal supervision of the editor of the Scientific American, although his actual connection with the work was slight; he is said to be assisted by a board of eminent department editors; the natural impression conveyed is that they were editors of departments of the Scientific American, since nothing else is mentioned that could have departments; in fact so far as appears no editor of the Scientific American except Mr. Beach was connected with the encyclopedia. The book is said to be a great work "published by the Scientific American Compiling Department" with the full co-operation of Munn & Company, who add that they are certain that it will be found standard in its information and fully equal to the reputation of the Scientific American for accuracy and reliability. The gravamen of the complainant's bill is that Munn & Company will be injured in their good business reputation by the fraud of the defendants in palming off the book upon the public as a work connected with the Scientific American. Yet that is the very scheme in which the parties joined for years prior to 1911. We think the complainant cannot now be heard to complain of conduct in which it formerly joined and by which it profited. It makes no difference whether the encyclopedia is valuable or not, nor whether purchasers thereof have been damaged; it is enough that they have been or may have been beguiled of their money because the complainant's representations and the representations of the defendant to which the complainant assented, persuaded them that they were buying a work which was made better by the co-operation of the Scientific American. We think that the complainant when it tires of its bargain and seeks to enjoin the defendant from further profiting by the supposed connection, does not come into court with clean hands. Fraudulent conduct which the law would enjoin but for the agreement of the parties to exploit the public is as inimical to the public policy as gambling in cotton which is condemned by statute, and the rule applied in *Minzesheimer* v. *Doolittle, 60 N. J. Eq. 394,* is applicable to the present case. The principle applied in the law courts in *Hope* v. *Linden Park*

*Assn., 58 N. J. Law 627,* and *Wyckoff* v. *Weaver, 66 N. J. Law 648,* is in effect the same.

The failure of the defendants to question in their answer the standing of the complainants is not material. This very point was made and overruled by this court in *Minzesheimer* v. *Doolittle, 60 N. J. Eq. 394, 397.* As we there said, the court will not for any delinquency of the defendant, lend its assistance to a violation of law; and so it will not assist one who has joined in an effort to deceive the public to prevent his associate from continuing to do the very thing to which he has previously assented.

We think, therefore, that the decree must be reversed; but it does not follow that the complainant is not entitled to some of the relief granted. The disqualification applies only to the particular matter or transaction with which the wrongful conduct had to do. *Woodward* v. *Woodward, 41 N. J. Eq. 224.* In this case the complainant's wrongful conduct had to do with the exploiting of the encyclopedia under the name of Scientific American Compiling Department. The complainant is not shown to have assented to the use of the name Scientific American for any other purpose. So far as the decree enjoins the Scientific American Compiling Department from using its corporate name, it must be reversed; so far as it enjoins the use of the name Scientific American in other ways it must be affirmed. The defendants are entitled to costs in this court.

*For affirmance*—WHITE—1.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, HEPPENHEIMER—9.