## In re MEYERFELD.
### No. 18978.

District Court, N. D. California, S. D.
Jan. 30, 1931.

Reuben G. Hunt, of San Francisco, Cal., for petitioner.

C. Huntington Jacobs, Arthur P. Shapro, and A. L. Crawford, all of San Francisco, Cal., for trustee in bankruptcy.

KERRIGAN, District Judge.

This is a petition to review an order of the referee in bankruptcy for the sale of real property. The bankrupt herein, Meyerfeld, was for some years in the employ of Irving S. Levy, the petitioner, as a salesman in a clothing store. Meyerfeld also acted for Levy as a "dummy" in various real estate transactions; Levy advancing the funds for a purchase, Meyerfeld taking legal title and subsequently conveying to Levy. Several months prior to the commencement of the bankruptcy proceedings, Levy, apparently having reason to believe Meyerfeld's bankruptcy immi-

nent, instructed his attorney to ascertain whether any of the real estate handled through Meyerfeld still stood of record in his name. The attorney reported that Meyerfeld had legal title to the property now in controversy. Apparently Levy did nothing until he received notice of the petition of the trustee to sell the property. He then consulted his attorney. The latter, against whom no bad faith whatever is to be imputed, suggested that Levy search among his papers for a deed. A deed from Meyerfeld to Levy, dated February 18, 1926, and witnessed by Levy's brother, but not acknowledged until April 29, 1930, after the trustee's petition for leave to sell, and then acknowledged by the witness, was produced by Levy. This deed was found by the referee to be a forgery, and, upon examination of the deed, the exemplars of Meyerfeld's signature, and the other evidence in the record, I am satisfied that the evidence supports this finding.

Levy's answer to the trustee's petition for leave to sell the real property was in the following form: "Avers that the Respondent herein answering is now and at all of the times herein mentioned he has been the owner of the real property in said petition and hereinafter described and that said bankrupt was not at the time of his adjudication and never had been the owner of said real property or any interest therein."

In addition to the forged deed, which, if genuine, would have proved legal title to the property in Levy, evidence was offered, apparently without objection, which is not disputed and which tended to prove Levy to have equitable title to the property under a resulting trust, and the referee found all of the facts necessary to establish such a trust. I question the sufficiency of the answer as a pleading of a resulting trust, and, since this matter must be re-referred to the referee for another purpose, believe that Levy should be permitted to amend his answer to conform to the proof in this regard.

The referee denied all relief to Levy, despite the proof of a resulting trust which he would ordinarily be entitled to establish as against the trustee in bankruptcy. Clark v. Snelling (C. C. A.) 205 F. 240. This denial was upon two grounds: (1) That Levy was not entitled to invoke the interposition of the equitable jurisdiction of this court to establish a resulting trust, having come into court with unclean hands, in that he attempted to work a fraud upon the court by means of a forged deed; (2) that Levy failed to

pay to the bankrupt the agreed compensation for services in connection with the use of his name as legal owner of this property and of the other properties as to which Meyerfeld acted as "dummy."

Reprehensible though Levy's conduct may have been, I am constrained to hold that the referee erred in denying him all relief because he came into equity with unclean hands. The transaction by which the resulting trust was created was not tainted with fraud, illegality, or unconscionable conduct on his part. The deed in question was not part of the proof of the existence of the trust; it was material only on an issue of legal as distinguished from equitable title. The applicable principle is well stated in Barnes v. Barnes, 282 Ill. 593, 118 N. E. 1004, 1005, 4 A. L. R. 4, where a plaintiff had fabricated evidence to support various items in an account, but had established her right generally to an accounting in equity: "He who comes into a court of equity must come with clean hands, and one who does iniquity cannot have equity; but that maxim is limited in its application to where the substance of the thing is inequitable, and the iniquity must apply to the particular subject-matter. It is not sufficient to bar relief that inequitable conduct should relate to the proof of some item or some fact, and where the origin of the claim is not inequitable, a fraudulent act in relation to it will not bar relief. Goodwin v. Hunt, 3 Yerg. (Tenn.) 124; 1 Pomeroy's Eq. Jur. § 399; Chicago v. Union Stockyards & Transit Co., 164 Ill. 224, 35 L. R. A. 281, 45 N. E. 430; 10 R. C. L. 140."

The question of compensation remains to be determined. The referee has found that an agreement existed that the bankrupt receive compensation for his services in connection with the real estate transactions with Levy, but has not found the amount due. The compensation due is a lien upon the trust property, of which the trustee in bankruptcy is entitled to claim the benefit. Unless, however, the agreement for compensation contemplated that this particular property should be charged with a lien arising from the services of the bankrupt in connection with the prior transactions, this lien extends only to compensation for services in connection with this particular resulting trust. This matter must be re-referred to the referee in bankruptcy for a finding as to the amount due for compensation.

While the referee found as a fact that Levy was guilty of laches, he rightly did not rest his decision upon this ground. This question is referred to here merely to preclude the reopening of this question on the new hearing before the referee. The facts of this case do not charge Levy with laches.

The order reviewed is reversed, and the matter re-referred to the referee for further proceedings in accordance with this opinion.