## GENERAL EXCAVATOR CO. v. KEYSTONE DRILLER CO.

## KEYSTONE DRILLER CO. v. GENERAL EXCAVATOR CO.

## OSGOOD CO. v. KEYSTONE DRILLER CO.

## KEYSTONE DRILLER CO. v. OSGOOD CO.

### Nos. 6065–6068.

Circuit Court of Appeals, Sixth Circuit.
Feb. 9, 1933.

F. O. Richey, of Cleveland, Ohio, and C. R. May, of Beaver, Pa. (Richey and Watts, of Cleveland, Ohio, and May & Bradshaw, of Beaver, Pa., on the brief), for Keystone Driller Co.

E. P. Corbett, of Columbus, Ohio, and L. T. Williams, of Toledo, Ohio (Edw. L. Reed, of Dayton, Ohio, Corbett & Mahoney, of Columbus, Ohio, and Williams, Eversman & Morgan, of Toledo, Ohio, on the brief), for General Excavator Co. and Osgood Co.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Two principal contentions are advanced in support of the petition for rehearing. The first is that the original action is founded upon alleged infringement of five patents and that the bill should not be dismissed as to the four patents to which the "unclean hands" had no application. The cases cited are not precisely in point. In re Meyerfield (D. C.) 46 F.(2d) 665, pertained to a claim in bankruptcy in which the claimant before the referee forged a deed and offered it in evidence to support his claim. He also claimed by reason of a resulting trust, and it was held that proof of the forgery did not preclude his recovery under the resulting trust. In this case the claimant did not undertake to initiate proceedings for his own relief in a court of equity. He was brought into such a court against his will and founded his claim upon two contentions as to one of which he fabricated evidence. The relief which was sought on the alleged resulting trust theory in no sense could be said to be "founded on the unlawful things done or intended to be done." Woodward v. Woodward, 41 N. J. Eq. 224, 4 A. 424, was a divorce proceeding and therefore not strictly an action in equity. Munn & Co. v. Americana Co., 83 N. J. Eq. 309, 91 A. 87, L. R. A. 1916D, 116, was a case in which action was brought upon two grounds of relief, as to one of which plaintiff was held not to be entitled to a decree. Maatschappij Tot Exploitatie, etc., v. Kosloff, 45 F.(2d) 94 (C. C. A. 2), uses language which is broad enough to justify plaintiff's position but which was obviously used without direct reference to the precise question we must here consider.

Prior to the adoption of the New Equity Rules (28 USCA § 723), the question could never have arisen for a bill covering multiple causes of action would have been bad for duplicity. Such new Equity Rules are not intended to change the general nature and characteristics of a court of equity as a court of conscience in which the granting of relief is largely discretionary and the court is not bound by hard and fast rules. Cf. Pope Mfg. Co. v. Gormully, 144 U. S. 224, 236, 237, 12 S. Ct. 632, 36 L. Ed. 414. It is true that a system of equity practice has grown up and that present-day courts are inclined to follow precedents rather strictly.

On the other hand, we have not held any of the patents in suit invalid nor adjudicated any of the rights of the parties inter sese. The doctrine which we have applied is simply that if one, as actor, seeks to set the judicial machinery in a court of equity in motion upon grounds in respect to which his conduct is sullied, he will find the doors of the court closed against him. The bar is said to be "in limine." The plaintiff is repelled as of the date of the filing of the bill and in respect of the maintenance of the action then instituted, because he does not then appeal to the court as one in whose behalf the largely discretionary powers of the court should be exercised. The fact that delay is thereby occasioned, or that the plaintiff has thereby suffered a loss of time and expense, is immaterial. The court has simply said: "We will not hear you in this action although, not being a general avenger of the wrongs of humanity, it may be that you will not be in the future, and would not have been in the past, repelled on account of your conduct."

The opinion already rendered sufficiently answers the contention that the reprehensible conduct was not really necessary and the Joplin use was not really an anticipation.

The second material contention is that we have dismissed an application for rehearing in the Byers Case, [44 F.(2d) 283] in which it was sought to bring up this evidence of unclean hands; that this is in effect an affirmance of the interlocutory decree in that case, and an adherence to the position taken in our prior affirmance of such interlocutory decree; that the position thus taken thereby becomes the law of the case; and that there is a hopeless inconsistency in holding that the conduct of the plaintiff does not bar recovery in the Byers Case but does bar recovery in the present case. There are several non sequiturs in the position thus stated. The decree previously reviewed by our court in the Byers Case was interlocutory in its nature, and the questions then presented may again be considered when and if the case is brought up upon final decree. This court has permitted the evidence of unclean hands to be presented in the court below and that court to consider the matter of the Joplin use in its bearing upon the defenses of anticipation and prior public use. We have held in the present cases that the plaintiff was barred, not by its failure to disclose this prior use, if it was such, but by the advantage which it sought to take of a decree of validity obtained in the manner stated. With the introduction in evidence of all the pertinent facts, both the earlier decree of the District Court and the affirmance by this court lose their efficacy as controlling factors (the law of the case) in subsequent decisions either in the District Court or here. But were this not so, it is obvious that applications for rehearing are addressed solely to the discretion of the court and a refusal to take such a matter up at the present time, in the exercise of a sound discretion, creates no inconsistency and will not bar the court from considering it later.

For the reasons stated the petition for rehearing is denied.