12 N.J. Super. 177 (1951)
79 A.2d 313
MEDICAL FABRICS CO., INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
D.C. McLINTOCK CO., INC., A CORPORATION OF NEW JERSEY, AND DUNCAN C. McLINTOCK, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1951.
Decided March 7, 1951.
*178 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Abraham P. Bab argued the cause for the appellants.
Mr. Irving Hupart argued the cause for the respondent (Mr. Karl Huber, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The plaintiff is the owner of a secret formula, used in the manufacture of a combination pressure bandage called Contura, the trade-mark D.C.M. enclosed in a circle, and the trade name D.C. McLintock Co. It duly instituted action in the Chancery Division alleging that its formula, trade-mark and name had been unlawfully appropriated by the defendants and seeking to restrain their use thereof. After full hearing the Chancery Division rendered its opinion in favor of the plaintiff pursuant to which judgment was entered. It found that the individual defendant Duncan C. McLintock was an officer and director of the plaintiff's *179 predecessor and, as such, acquired knowledge of the formula which he inequitably and in breach of trust appropriated and used after his association with the plaintiff and its predecessor had terminated; it also found that although the defendants disclaimed any right to the trade-mark and name they had improperly used them in competition with the plaintiff.
The present appeal to this court by the defendants does not in any wise question the aforementioned findings by the Chancery Division or the sufficiency of the supporting evidence. Instead, they rest upon the contention that notwithstanding their wrongful conduct the plaintiff should not have been afforded any injunctive relief under the "clean hands" doctrine, citing Munn & Co. v. Americana Co., 83 N.J. Eq. 309 (E. & A. 1914), and Pfender v. Pfender, 104 N.J. Eq. 107 (Ch. 1929); affirmed, 105 N.J. Eq. 247 (E. & A. 1929). The defendants point to the fact that the label on the Contura bandage lists among its ingredients bolus alba and gelatol which it does not contain and omits an oil and a gum which it does contain. The record indicates that the sole medical ingredients in the bandage were set forth on the label, the gum simply serving as a vehicle for them and the oil facilitating manufacture. Apparently bolus alba and gelatol were originally listed on the label by the individual defendant when he was associated with the plaintiff's predecessor; neither has any medical properties, the use of the former was discontinued after several months, and the latter was never used. Contura has been sold as a medicated moist bandage exclusively to physicians who presumably were interested in that fact and were not materially misled by the misrepresentations which bore on its manufacturing process and not on its medical properties or value. The Chancery Division expressly found that the plaintiff had no intent to deceive and concluded that the "evidence does not show the fraudulent and unconscionable conduct which would justify a court of equity in withholding relief."
The clean hands doctrine is an ethical concept long applied in courts of equity although not peculiar thereto. *180 Chafee, Some Problems of Equity (1950), pp. 1, 94. In general, its requirement is not that suitors seeking relief in equity "shall have led blameless lives" (Loughran v. Loughran, 292 U.S. 216, 229, 78 L.Ed. 1219, 1227 (1934)), but rather that they shall not have acted fraudulently or unconscionably with respect to the particular controversy in issue. Precision Instr. Mfg. Co. v. Automotive M. Mach. Co., 324 U.S. 806, 815, 89 L.Ed. 1381, 1386 (1945); Neubeck v. Neubeck, 94 N.J. Eq. 167, 170 (E. & A. 1922). When applicable it is invoked not out of regard for the defendant or to punish the plaintiff but upon larger considerations "that make for the advancement of right and justice." Johnson v. Yellow Cab Transit Co., 321 U.S. 383, 387, 88 L.Ed. 814, 819 (1944). Cf. Casini v. Lupone, 8 N.J. Super. 362, 365 (Ch. Div. 1950); Hansen v. Local No. 373, 140 N.J. Eq. 586, 589 (Ch. 1947).
While the doctrine is firmly rooted and naturally appeals to persons of good conscience, it may well disserve the interests of justice if applied oversensitively or as a rigid formula restraining the court's just exercise of discretion. Precision Instr. Mfg. Co. v. Automotive M. Mach. Co., supra; Chafee, supra, p. 99. Accordingly, there has been a recent wholesome tendency amongst courts to apply the doctrine flexibly in the light of the particular circumstances presented. See 60 Harv. L. Rev. 980, 981 (1947); Rasmussen v. Nielsen, 142 N.J. Eq. 657, 661 (E. & A. 1948); A. Hollander & Son, Inc., v. Imperial Fur Blending Corp., 2 N.J. 235, 247 (1949); Hansen v. Local No. 373, supra. Thus in the Rasmussen case the Court of Errors and Appeals, after pointing out that there was no evidence of fraudulent intent on the part of the plaintiff, stated that the clean hands doctrine was "not so rigid in its application that it may not be relaxed in the interest of fairness." Similarly, in the Hollander case Justice Wachenfeld, speaking for the Supreme Court, expressed the view that the doctrine should be restricted to cases of "intentional serious wrongdoing" and should not be "construed as to allow or permit an unconscionable gain to the wrongdoer" at the plaintiff's expense. And in the Hansen *181 case Judge Jayne, then Vice-Chancellor, indicated that in applying the doctrine courts have properly given consideration to the comparative innocence of the plaintiff and the interests of the public generally.
We are satisfied that within the foregoing authorities the Chancery Division did not exceed its discretionary powers in declining to deny relief to the plaintiff solely because of the misstatements on the Contura label. They in no wise affected the defendants and might perhaps be considered insufficiently related to the basic controversy which did not concern the name Contura or the accompanying label but was confined to the use of the underlying secret formula, the D.C.M. trade-mark and the D.C. McLintock Co. trade name. Germo Mfg. Co. of Missouri v. McClellan, 107 Cal. App. 532, 290 Pac. 534 (1930). In any event, under the Chancery Division's findings they were not made with fraudulent intent, were not harmful and did not materially mislead. Cf. Nims, Unfair Competition and Trade-Marks (4th ed. 1947), p. 1233. Notwithstanding the foregoing, it is acknowledged that there must be no mislabeling (21 U.S.C.A., § 331; R.S. 24:5-18) and there would appear to be no proper objection to an appropriate exercise of the court's powers to attain that end. Acceptance of the defendants' contention, however, would serve no such desirable purpose. On the contrary, it would simply result in dismissal of the proceeding without correction of the mislabeling and permit the defendants to go scot-free despite their established appropriation of the plaintiff's property. We fail to see how this result would serve to protect the public or satisfy the true ends of equity. Cf. the remark of Justice Holmes in Coca-Cola Co. v. Koke Co., 254 U.S. 143, 145, 65 L.Ed. 189, 192 (1920), that "the defects of a plaintiff do not offer a very broad ground for allowing another to swindle him."
It seems to us that the circumstances presented to the Chancery Division called for an injunction against the defendants' use of the plaintiff's property which they had wrongfully appropriated, conditioned, however, upon the immediate elimination of any mislabeling on the Contura bandage. Such *182 correction may have already been made although the record is not entirely satisfactory in this regard. The conditional injunction will here furnish, as a practical matter, adequate protection to the public, rightly hold the defendants fully accountable for their now undisputed wrongdoing, and afford to the plaintiff the measure of relief to which it appears justly entitled. See Hartman v. Cohn, 350 Pa. 41, 38 A.2d 22 (1944); Chafee, supra, pp. 66, 100; 2 Nims, supra, p. 1225; Derenberg, Trade-Mark Protection and Unfair Trading (1936), p. 663. Cf. Diamond Crystal Salt Co. v. Worcester Salt Co., 221 Fed. 66 (2d Cir. 1915).
The judgment entered in the Chancery Division is modified in conformity with this opinion and, as thus modified, is affirmed with costs.