625 A.2d 576

THE MONTGOMERY NATIONAL BANK, PLAINTIFF–APPELLANT,
v. LAWRENCE SULLIVAN, EDWARD J. MURAWSKI AND
KATHLEEN R. MURAWSKI, DEFENDANTS–RESPONDENTS,
AND SYLVESTER L. SULLIVAN, TRADING AS S & M ASSOCI-
ATES, A PARTNERSHIP, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued May 18, 1993—Decided June 7, 1993.

Before MICHELS, BILDER and BAIME, JJ.

*Robert Mahoney* argued the cause for appellant (*Wilentz, Goldman & Spitzer,* attorneys; *Mr. Mahoney* and *Edward D. Benattar,* of counsel and on the brief).

*Walter N. Wilson* argued the cause for respondent Lawrence Sullivan (*Gebhardt & Kiefer,* attorneys; *Mr. Wilson* and *Joseph F. Trinity,* on the brief).

*Paul F. Fenmore* argued the cause for respondents *Edward J. Murawski* and *Kathleen R. Murawski* (*Smith* and *Fenmore,* attorneys; *Arthur T. Smith, Jr.,* on the brief).

The opinion of the court was delivered by

BILDER, J.A.D.

This is an appeal by a mortgagee, plaintiff Montgomery National al Bank, from a judgment of the Chancery Division dismissing its complaint and discharging the mortgage on property owned by defendants Lawrence Sullivan, Edward J. Murawski, Kathleen R. Murawski, and Sylvester L. Sullivan. The trial judge discharged

the mortgage fundamentally because the mortgage, which secured an indebtedness of Lawrence, Edward and Kathleen, had not been joined in by all the owners; Sylvester was not a signatory. Following a nonjury trial, in an oral opinion of January 6, 1992, the trial judge concluded that the failure to obtain Sylvester as a mortgagor was attributable to the negligence of the Bank and that a sale of only a seventy-five percent interest in the liened property would result in an unfair diminution of the sale price to the detriment of the mortgagors. Accordingly, he dismissed the foreclosure complaint.

> The Murawskis and Lawrence Sullivan had the right to believe their obligation to the Montgomery National Bank would be secured by a mortgage on the entire property. They had the right to expect that the entire property would be sold and the proceeds credited to the amount owed. By failing to perfect a lien on [Sylvester] Sullivan's interest in the property, Montgomery National has substan-. tially prejudiced the interest of both Lawrence Sullivan and the Murawskis. It is apparent that the sheriff's sale of a seventy-five percent interest is going to yield less money than the sale of the entire fee, with the substantial likelihood that the remaining defendants will be subjected to a suit for a deficiency. It would not even be surprising if no bidders were interested in bidding under those circumstances.

> While we can speculate about the consequences of such an event, they would have disastrous implications for the Murawskis and Lawrence Sullivan.

> Montgomery National's errors were clearly the cause for the defective nature of this lien. Montgomery National has not proven fraud or any willful wrong on the part of any defendant. The consequence of Montgomery National's wrong should not be visited upon Lawrence Sullivan or the Murawskis. Montgomery National's conduct in this transaction also violated the provision of N.J.S.A. 17:9A–65, which requires that no bank make a loan secured by real estate unless the mortgage constitutes a first lien on the fee.

> The consequences of these mistakes should be limited to the apparent perpetrator. The complaint of the Montgomery National Bank is therefore dismissed.

The facts are fully set forth in the trial judge's oral opinion. They need not be repeated. Appellant does contend the factual findings are not supported by sufficient evidence in the record. We are satisfied that the judge's findings that the security was impaired by the failure to include Sylvester's land interest in the mortgage and that the fault for this was attributable to the bank are supported by the record. *See Rova Farm Resorts v. Investors Ins. Co.,* 65 *N.J.* 474, 484, 323 *A.*2d 495 (1974).

■ However, his conclusion from this does not support the ultimate conclusions reached here and reversal is required. He noted in his opinion that "the sheriff's sale of [the] seventy-five percent interest [would] yield less money than the sale of the entire fee, with the substantial likelihood that [Lawrence, Edward and Kathleen] will be subjected to a suit for a deficiency." The equitable solution to the harm done by the impairment of security was not to vitiate the lien but to protect the debtors from the consequences of the impairment—*i.e.*, to protect them against deficiency claims. In this regard, the defendants may at least have a negligence setoff.

■ Defendants' efforts to justify the trial judge's actions as a proper application of the unclean hands doctrine is misplaced. Equity refuses to aid parties who have been guilty of inequitable conduct—fraud, unconscionable acts, and the like—not those who have merely been careless. *See Medical Fabrics Co. v. D.C. McLintock Co.*, 12 *N.J.Super.* 177, 180, 79 *A.*2d 313 (App.Div. 1951); 2 Pomeroy, *Equity Jurisprudence* § 397 (1941). Here the bank was merely negligent. The trial judge found:

> Montgomery National intended only to allow Sylvester Sullivan to be left off the note but not the mortgage. Montgomery National Bank and its agents were negligent in carrying out this intention.

■ In his opinion, the trial judge suggested that the mortgage was invalid because the loan secured by a mortgage on less than all the interests on the land violated a section of the Banking Act, *N.J.S.A.* 17:9A–1 *et seq.*

> Montgomery National's conduct in this transaction also violated the provisions of *N.J.S.A.* 17:9A–65, which requires that no bank make a loan covered by real estate unless the mortgage constitutes a first lien on the fee.

It is clear beyond the need for close statutory examination that this provision is intended to protect the bank and its depositors from imprudent investments, not to work a forfeiture of collateral. It is important to recognize that there is nothing *per se* improper about a mortgage by a co-tenant of his undivided interest. *See Freda v. Commercial Trust Co.*, 118 *N.J.* 36, 47–48, 570 *A.*2d 409 (1990) (recognizing the right of a co-tenant to encumber his

undivided one-half interest in property with a mortgage and the right of the mortgagee to foreclose its lien on that interest).

In addition to striking down the mortgage, the trial judge reformed the mortgage note to exclude Kathleen as an obligor. Plaintiff contends the action was not sought in the pleadings and finds no support in the evidence. An examination of the judge's decision discloses a lack of findings to support the action. Moreover, consideration of this question in the mortgage foreclosure action is premature. If the matter is to be litigated, it should be done in a deficiency suit. Our reversal of the action with respect to Kathleen's obligation is without prejudice to her right to assert any defense to the note in any further litigation.

The judgment is reversed. The matter is remanded to the trial court to calculate the amount due on the mortgage and enter an appropriate judgment in favor of plaintiff representing its mortgagee interest in the property.